|  | FOR COURT USE ONLY |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | **FILED & ENTERED**<br><br>**FEB 04 2010**<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY egarcia    DEPUTY CLERK** |
| In re:<br>Team Ministry Group LLC,<br><br>Nancy Knupfer<br>Debtor(s).<br>Trustee. | CHAPTER: 7<br><br>CASE NO.: 2:09-bk-12291-SB<br>DATE: November 23, 2009<br>TIME: 2:00 PM<br>CTRM: 1575<br>FLOOR: 15th |

# ORDER DENYING MOTION FOR RELIEF FROM STAY
## UNDER 11 U.S.C. § 362
### (MOVANT: United Central Bank)

1. The Motion was:    ☒ Contested    ☐ Uncontested    ☐ Settled by Stipulation

2. The property (the "Property") to which this Order applies is as follows *(specify common description or street address)*:
   Street:                 72 Hacienda Boulevard
   City, State, Zip Code:  Newbury Springs, California 92365

3. The Motion is denied    ☒ without prejudice    ☐ with prejudice    ☐ on the following grounds:

   ☒ Based upon the findings and conclusions made on the record at the hearing
   ☐ Unexcused non-appearance by Movant
   ☐ Lack of proper service
   ☐ Lack of good cause shown for relief from stay
   ☐ The automatic stay is no longer in effect under:    ☐ 11 U.S.C. § 362(c)(2)(A)    ☐ 11 U.S.C. § 362(c)(2)(B)
                                                          ☐ 11 U.S.C. § 362(c)(3)(A)    ☐ 11 U.S.C. § 362(c)(4)(A)

   ☐ Other *(specify):*

4. Movant may not file another motion for relief from stay in this case absent a court authorizing re-filing.

Dated:    02/04/2010

_____
UNITED STATES BANKRUPTCY JUDGE

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised January 2009*                                                                **F 4001-10.DENY**

| In Re | (SHORT TITLE) | | CHAPTER: 7 |
|---|---|---|---|
| Team Ministry Group LLC | | Debtor(s) | CASE NO: 2:09-bk-12291-SB |

**NOTE TO USERS OF THIS FORM**:
1) Attach this form to the last page of a proposed Order or Judgment. Do not file as a separate document.
2) The title of the judgment or order and all service information must be filled in by the party lodging the order.
3) **Category I.** below: The United States trustee and case trustee (if any) will always be in this category.
4) **Category II.** below: List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) ORDER DENYING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of February 3, 2010, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

Nancy Knupfer, Trustee          nknupferlaw@yahoo.com, nknupfer@ecf.epiqsystems.com
United States Trustee           ustpregion16.la.ecf@usdoj.gov
Russell Clementson, Esq.        russell.clementson@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail to the following person(s) and/or entity(ies) at the address(es) indicated below:

Team Ministry Group LLC
1056 East New York Drive
Altadena, California 91001

Warren O. Hodges, Jr.
65 North Raymond Avenue
Suite 320
Pasadena, California 91103

James W. Bates, Esq.
Law Offices of James W. Bates APC
2418 Honolulu Avenue
Suite J
Montrose, California 91020

☐ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below:

☐ Service information continued on attached page

_____
This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised January 2009*                                                                                    **F 4001-10.UD**

15. **TAXES; OPERATING EXPENSES.**
(a) Subject to the provisions of Section 15(c) and Section 15(d), Borrower shall pay, or cause to be paid, all Taxes when due and before the addition of any interest, fine, penalty or cost for nonpayment.
(b) Subject to the provisions of Section 15(c), Borrower shall pay the expenses of operating, managing, maintaining and repairing the Mortgaged Property (including insurance premiums, utilities, repairs and replacements) before the last date upon which each such payment may be made without any penalty or interest charge being added.
(c) As long as no Event of Default exists and Borrower has timely delivered to Lender any bills or premium notices that it has received, Borrower shall not be obligated to pay Taxes, insurance premiums or any other individual Imposition to the extent that sufficient Imposition Deposits are held by Lender for the purpose of paying that specific Imposition. If an Event of Default exists, Lender may exercise any rights Lender may have with respect to Imposition Deposits without regard to whether Impositions are then due and payable. Lender shall have no liability to Borrower for failing to pay any Impositions to the extent that any Event of Default has occurred and is continuing, insufficient Imposition Deposits are held by Lender at the time an Imposition becomes due and payable or Borrower has failed to provide Lender with bills and premium notices as provided above.
(d) Borrower, at its own expense, may contest by appropriate legal proceedings, conducted diligently and in good faith, the amount or validity of any Imposition other than insurance premiums, if (1) Borrower notifies Lender of the commencement or expected commencement of such proceedings, (2) the Mortgaged Property is not in danger of being sold or forfeited, (3) Borrower deposits with Lender reserves sufficient to pay the contested Imposition, if requested by Lender, and (4) Borrower furnishes whatever additional security is required in the proceedings or is reasonably requested by Lender, which may include the delivery to Lender of the reserves established by Borrower to pay the contested Imposition.
(e) Borrower shall promptly deliver to Lender a copy of all notices of, and invoices for, Impositions, and if Borrower pays any Imposition directly, Borrower shall promptly furnish to Lender receipts evidencing such payments.

16. **LIENS; ENCUMBRANCES.** Borrower acknowledges that the grant, creation or existence of any mortgage, deed of trust, deed to secure debt, security interest or other lien or encumbrance (a "Lien") on the Mortgaged Property (other than the lien of this Instrument) or on certain ownership interests in Borrower, whether voluntary, involuntary or by operation of law, and whether or not such Lien has priority over the lien of this Instrument, is a "**Transfer**" which constitutes an Event of Default under Section 21 of this Instrument.

17. **PRESERVATION, MANAGEMENT AND MAINTENANCE OF MORTGAGED PROPERTY.** Borrower (a) shall not commit waste or permit impairment or deterioration of the Mortgaged Property, (b) shall not abandon the Mortgaged Property, (c) shall restore or repair promptly, in a good and workmanlike manner, any damaged part of the Mortgaged Property to the equivalent of its original condition, or such other condition as Lender may approve in writing, whether or not insurance proceeds or condemnation awards are available to cover any costs of such restoration or repair, (d) shall keep the Mortgaged Property in good repair, including the replacement of Personalty and Fixtures with items of equal or better function and quality, (e) shall provide for professional management of the Mortgaged Property by a property manager satisfactory to Lender under a contract approved by Lender in writing, and (f) shall give notice to Lender of and, unless otherwise directed in writing by Lender, shall appear in and defend any action

DEED OF TRUST - Page 14
ucb\1783\Deed of Trust - CA